John Brosnan — Pro Se
848 North Rainbow Boulevard #1643
Las Vegas, NV 89107
702.516.1622:Tel
johnbrosnanlegal@gmail.com : email
johnbrosnanlegal@gmail.com : fax


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (a Delaware corporation), Plaintiff, v. JOHN BROSNAN, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a California corporation,and ROBERT JACOBSEN, Defendants. | Case No. CV 09-3600 SBA ANSWER OF JOHN BROSNAN |

1.  The answering party denies the allegations contained in Paragraphs, 1, 3, 5, 9, 11, 15, 16, 17, 25, 28, 29, 30, 31, 32, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51 — 86.

2.  The answering party admits the allegations contained in Paragraphs, 12, 13, 14, 26.

3.  The answering party has insufficient information to answer the allegations contained in Paragraphs, 2, 4, 6, 7, 8, 10, 18, 19, 20, 21, 22, 23, 24, 27, 33, 34.

4.  The Complaint in the above-entitled matter being unverified,

1  this answering Defendant, denies generally and specifically, all and
2  singular, each and every allegation contained therein, and further
3  denies that Plaintiff has sustained damages in the sum alleged, or in
4  any other sum or sums, whether as alleged or otherwise, or at all.

5      5.  As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering
6  defendant alleges that neither plaintiff's complaint, nor any of the
7  alleged causes of action therein, state facts sufficient to
8  constitute a cause of action against this answering defendant.

9      6.  As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering
10 defendant alleges that the Causes of Action of the complaint on file
11 herein fails to state facts sufficient to constitute a cause of
12 action against this answering defendant.

13     7.  As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering
14 defendant alleges that the injuries and damages complained of by
15 plaintiff are the direct result of their sole fault and negligence,
16 thereby barring their claim completely.

17     8.  As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering
18 defendant alleges that the injuries and damages, if any, sustained by
19 plaintiff, were the direct result of the fault and negligence of
20 plaintiff, and that the damages, if any, awarded herein should be
21 diminished in proportion to the amount of fault and negligence
22 attributable to plaintiff.

23     9.  As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering
24 defendant alleges that said damages sustained by plaintiff were
25 either wholly or in part the fault of others, whether that fault be
26 the proximate result of negligence, strict liability, breach of
27 warranty, breach of contract, or any other type of fault caused by
28 persons, firms, corporations, or entities other than this answering

1  defendant, and said negligence or fault comparatively reduces the
2  percentage of fault or negligence, if any, by this answering the
3  defendant.

4     10. As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering
5  defendant alleges that plaintiff has failed to exercise reasonable
6  efforts to mitigate damages, if any, allegedly to have been suffered.
7  Such mitigation would have substantially reduced the damages, if any,
8  alleged to have been suffered.

9     11. As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, answering
10 defendant alleges that plaintiff is barred and precluded from any
11 recovery against this answering defendant because of the unclean
12 hands of plaintiff in the course of dealing with this answering
13 defendant.

14    12. As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering
15 defendant alleges that plaintiff is barred from any equitable relief
16 by virtue of "unclean hands" in that, in connection with the
17 transaction, the plaintiff acted with malice and fraud, and in a
18 criminal manner to the detriment of this answering defendant.

19    13. As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering
20 defendant alleges that any damages suffered by plaintiff was solely a
21 result of plaintiff's misconduct and criminal activities and did not
22 result from any act or omission on the part of plaintiff.

23    14. As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering
24 defendant alleges that by reason of plaintiff's conduct in failing to
25 comply with the applicable Civil Code sections and/or reason of the
26 total or partial failure of consideration, plaintiff is estopped from
27 asserting causes of action against this answering defendant.

28    15. As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering

1  defendant alleges that by reason of plaintiff's conduct that
2  plaintiff is barred from any recovery due to judicial estoppel.

3      16. As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering
4  defendant alleges that plaintiff is estopped and precluded by his own
5  negligence from recovering upon any purported causes of action set
6  forth in the complaint.

7      17. As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, answering
8  defendant alleges that by reason of plaintiff's conduct in failing to
9  comply with the applicable Civil Code sections and/or by reason of
10  the total or partial failure of consideration, plaintiff has waived
11  his right to assert causes of action against this answering
12  defendant.

13      18. As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering
14  defendant alleges that plaintiff acted with full knowledge of all the
15  facts and circumstances surrounding his alleged damages and assumed
16  the risk of the matters causing the damage, and that said matters of
17  which plaintiff assumed the risk proximately contributed to and
18  proximately caused his damages, if any.

19      19. As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering
20  defendant alleges that plaintiff himself failed to exercise the
21  quantity and quality of care and caution which a reasonable
22  individual in these or similar circumstances would have exercised for
23  the protection of his own property; that said failure and negligence
24  of plaintiff proximately caused and contributed to his alleged
25  damages, if any, and that plaintiff's recovery, if any, is thereby
26  diminished or barred.

27      20. As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering
28  defendant alleges that each of the acts alleged to have been

committed by defendant, if in fact said acts were committed, were committed in good faith and in the exercise of a good faith belief that said acts were proper and lawful and within defendants legal responsibility.

21. As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering defendant is informed and believes and based thereon alleges, that the plaintiff's complaint is barred by the statute of frauds.

22. As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the complaint on file herein, this answering defendant is informed and believes and based thereon alleges, that the plaintiff has acted in such a manner as to constitute a waiver of all acts and omissions complained of and has, therefore, waived his right to recover from any damages allegedly sustained as a result of any acts or omissions allegedly perpetrated by this defendant.

23. As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering defendant alleges that said complaint fails to state facts sufficient to constitute a cause of action against this defendant, including but not limited to, any claim for punitive and exemplary damages.

24. As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff has failed to comply with all applicable trademark laws.

25. As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff has violated the tenets of judicial estoppel and is therefore barred from any recovery in this action.

26. As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff has engaged in fraud and is therefore barred from any recovery in this action.

27. As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering

defendant alleges that plaintiff has filed numerous documents with this court and others that are forgeries and is therefore barred from any recovery in this action.

28. As a SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff in this action is continuing to knowingly perpetrate a fraud upon this court as well as others and is barred from any recovery.

WHEREFORE, the answering party prays for judgment as follows:

1.  That plaintiff take nothing by reason of the complaint;

2.  For costs of suit incurred herein;

3.  For attorney's fees as provided by statute: and

4.  For such other and further relief as this court may deem just.

November 3, 2009                    _____
                                    John Brosnan

PROOF OF SERVICE - I Duane Tucker, am over the age of 18 and not a party to the within action; my business address is 2773 Tampa Ave., Hayward, CA 94544.  On November 5, 2009, in Oakland, CA, I served the following document(s) by deposit with the United States Postal Service in a postage paid, sealed envelope.  I served the following document(s): ANSWER OF JOHN BROSNAN.  Service was to the following: Carla Oakley, One Market, Spear Street Tower, San Francisco, California 94105.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.